

DAVID E. RICE
U. S. BANKRUPTCY JUDGE

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| In re: | Bankruptcy No. 14-2-0598 DER |
| **PHILLIP C. BOOTH, JR.** *and* <br> **ROBIN BOOTH,** | Chapter 11 |
| *Debtors.* | **ORDER CONFIRMING** <br> **CHAPTER 11 PLAN** |

**UPON CONSIDERATION** of the Chapter 11 Plan of Reorganization (the "Plan", Docket No. 113) filed by Phillip C. Booth, Jr. and Robin Booth (the "Debtors"); and any objections filed; and upon consideration of the evidence and arguments presented to the Court at a hearing held on April 7, 2016, and it appearing that the relief granted herein is in the best interests of the bankruptcy estate, its creditors and other parties in interest; and upon due deliberation, good and sufficient cause appearing,

**IT IS HEREBY FOUND THAT:**

A.   The Debtors properly served the Plan, the related Disclosure Statement, an applicable ballot, the Order Approving Disclosure Statement and Notice of Hearing on Confirmation of the Plan on all creditors and other parties in interest consistent with the requirements of the Bankruptcy Code and the Bankruptcy Rules;

B.   Notice of the hearing on confirmation of the Plan was proper and no further notice is required.

C.   All parties in interest have had the opportunity to object to the relief granted by this Order.

D.   The Plan, as modified herein, satisfies all of the requirements of Sections 1123 and 1129 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1. To the extent that any objections have not been withdrawn or resolved by stipulation prior to the entry of this Order or are not resolved by the relief granted herein or as stated on the record of the hearing, all such objections are hereby OVERRULED.

2. As the modifications to the Plan as set forth in this Order have no adverse impact on creditors, no further notice or disclosure is required.

3. The Debtors' Chapter 11 Plan dated February 11, 2016 is CONFIRMED as modified as set forth herein:

    A. Section III subparagraph 3.2 is amended by striking the existing paragraph and substituting therefor the following new subparagraph 3.2:

    3.2 <u>Unclassified Tax Claims:</u> The Internal Revenue Service ("IRS") filed an amended Proof of Claim (Claim No. 4) asserting a priority claim of $336,065.24. The vast majority of this claim resulted from the Accupay embezzlement scandal, where the Debtors' company, Booth Management Consultants, LLC (hereinafter, "BMC"), paid Accupay the required withholding taxes, and Accupay failed to pay the IRS. Of the priority claim, $329,029.41 is related to the Accupay situation (hereinafter, the "Accupay Priority Tax Debt"), and $7,035.83 is related to the Debtors' individual income tax obligations (hereinafter, the "Individual Priority Tax Debt"). The IRS claim shall be paid in full, as follows: The Accupay Priority Tax Debt will be paid in full over 48 months pursuant to 11 U.S.C. § 1129(a)(9)(C), with statutory interest per 11 U.S.C. §§ 511, 1129(a)(9)(C) and 26 U.S.C. §§ 6601(a), 6622, and 6621(a)(2), currently at the rate of 4% *per annum,* compounded daily, in monthly cash payments of $7,429.17, commencing on the Effective Date of the Plan. The Individual Priority Tax Debt shall be paid in full over 48 months pursuant to 11 U.S.C. § 1129(a)(9)(C), with statutory interest per 11 U.S.C. §§ 511, 1129(a)(9)(C) and 26 U.S.C. §§ 6601(a), 6622, and 6621(a)(2), currently at the rate of 4% *per annum*, compounded daily, in monthly cash payments of $158.86 commencing on the Effective Date of the Plan.

    B. Section III subparagraph 3.4 is amended by striking the existing paragraph and substituting therefor the following new subparagraph 3.4:

    3.4. *Class B-1 (Statebridge Company, LLC secured claim).* Class B-1 consists of the secured claim of Statebridge Company, LLC (Claim No. 13) secured by a deed of trust on the Debtors' residence at 11543 Fox River Drive, Ellicott City, Maryland 21042 in the amount of $1,998,070.59 as of the filing date. Except as provided for herein, this creditor shall retain its lien, and this claim shall be paid in accordance with the contractual terms thereof. By agreement, the total amount of this claim, including all pre- and post-petition arrearages, in the total amount of $2,019,791.40, shall be paid in monthly installments of $9,715.92 ($2,019,791.40 amortized over 404 months at an annual interest rate of 4.50%), commencing on the first day of the first month following the Effective Date of the Plan. Any unpaid balance shall be due in full on January 1, 2050. Tax and insurance payments will continue to be escrowed with this creditor.

    C. Section III subparagraph 3.5 is amended by striking the existing paragraph and substituting therefor the following new subparagraph 3.5:

    3.5 Class B-2 (Internal Revenue Service secured claim). Class B-2 consists of

the secured claim of the Internal Revenue Service (Claim No. 4) in the amount of $54,831.51, secured by a tax lien on all of the Debtors' real and personal property. A substantial portion of this claim resulted from the Accupay embezzlement scandal, where BMC paid Accupay the required withholding taxes, and Accupay failed to pay the IRS. Of the secured claim, $38,859.01 is related to the Accupay situation (hereinafter, the "Accupay Secured Tax Debt"), and $15,972.50 is related to the Debtors' individual income tax obligations (hereinafter, the "Individual Secured Tax Debt"). The IRS claim shall be paid in full, as follows: The Accupay Secured Tax Debt will be paid in full over 48 months pursuant to 11 U.S.C. § 1129(a)(9)(C), with statutory interest per 11 U.S.C. §§ 511, 1129(a)(9)(C) and 26 U.S.C. §§ 6601(a), 6622, and 6621(a)(2), currently at the rate of 4% *per annum,* compounded daily, in equal monthly cash payments of $922.69 commencing on the Effective Date of the Plan. The Individual Secured Tax Debt shall be paid in full over 48 months pursuant to 11 U.S.C. § 1129(a)(9)(C), with statutory interest per 11 U.S.C. §§ 511, 1129(a)(9)(C) and 26 U.S.C. §§ 6601(a), 6622, and 6621(a)(2), currently at the rate of 4% *per annum,* compounded daily, in equal monthly cash payments of $393.72 commencing on the Effective Date of the Plan.

      D.      Section III subparagraph 3.8 is amended by striking the existing paragraph and substituting therefor the following new subparagraph 3.8:

      3.8.      *Class B-5 (Wells Fargo Bank, N.A. secured claim).* Class B-5 consists of the secured claim of Wells Fargo Bank, N.A. (Claim No. 12) in the amount of $44,081.77, secured by a deed of trust on the Debtors' investment property at 7 Courtland Woods Circle, Baltimore, Maryland 21208. Except as provided for herein, this creditor shall retain its lien, and this claim shall be paid in accordance with the contractual terms thereof. By agreement, all arrearages as of the Effective Date of the Plan, which are $5,155.66, shall be paid in equal monthly installments of $171.86 over 30 months, without interest, beginning on September 1, 2019. Debtors shall resume their regular monthly payments beginning on the first day of the first month following the Effective Date of the Plan. Tax and insurance payments will continue to be escrowed with this creditor.

      4.      The Debtors are authorized and empowered to issue, execute and deliver such documents and instruments and to take such action as may be necessary to implement the Plan and the actions authorized by this Order.

      5.      Notwithstanding anything to the contrary, this Court retains jurisdiction in this bankruptcy case in accordance with the provisions set forth in Article III subparagraph C of the Plan.

cc:      Debtors
         Counsel for Debtors
         U.S. Trustee
         All creditors and parties in interest

END OF ORDER